UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GENERAL ELECTRIC
CAPITAL CORPORATION,

       Plaintiff,

v.

MACDONALD'S INDUSTRIAL
PRODUCTS, INC.,

       Defendant.
_____/

Case No. 1:07-CV-502

Hon. Richard Alan Enslen

**OPINION**

     This matter is before the Court on Plaintiff General Electric Capital Corporation's Renewed Motion for Default Judgment and Defendant MacDonald's Industrial Products, Inc.'s Motion to Set Aside Default and Motion to Dismiss. The Motions having been sufficiently briefed on what are essentially legal questions, the Court determines that oral argument is unnecessary.[1] *See* W.D. Mich. LCivR 7.2(d) & 7.3(d).

**BACKGROUND**

     This suit for monetary damages (arising from an alleged failure to pay a commercial lease) was filed on May 24, 2007 premised on diversity jurisdiction. (Compl. ¶¶ 3-4.) Plaintiff sought and was granted an extension of the Summons and permission to make substituted service by first class mail, which was accomplished on October 23, 2007. (Order of Oct. 1, 2007; Service Aff. 1-2.) In light of the service and the subsequent failure to answer, Plaintiff applied for entry of default, which was entered by the Clerk on January 29, 2008. Plaintiff then moved this Court on May 5, 2008 for entry

---

[1] The Court is in receipt of both ordinary briefing and supplemental briefing of the parties, and wishes to compliment counsel on their efforts.

of a default judgment in the amount of $208,156.92, which is the sum certain amount requested in the Complaint. Plaintiff's Motion for Default Judgment admits that this action is subject to a state court receivership, though not to bankruptcy. (Mot. ¶ 9.)

Defendant's Motion to Set Aside Default relates to the state court receivership. The state court receiver was appointed by Order of August 22, 2007, which Order prohibited the filing and maintenance of claims against Defendant. (Receivership Order 2 ¶ A.) Defendant argues that this prohibition had the effect of depriving this Court of jurisdiction to adjudicate claims of a creditor. Defendant likewise argues that only the receiver, and not the corporation, was subject to suit during the pendency of the receivership.[2] (*See* David Woods Aff. ¶¶ 5-7.) Defendant urges too that *Burford* abstention applies to this scenario such that the suit should be remanded to the state court assigned the receivership action. (Def.'s Br. 14-16.)

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(c) permits the setting aside of a default "for good cause." Pursuant to the law of this circuit, the following factors are pertinent as to whether a default should be set aside: 1) whether culpable conduct of the person served led to the default; 2) whether the person served has a meritorious defense; and 3) whether the plaintiff will be prejudiced. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983). This case law also recognizes that default is a harsh sanction and prefers the resolution of disputes on their merits. *See Shepard Claims Servs. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *see also*

---

[2]Another related argument by Defendant is that receiver is an indispensable party under Rule 19. As noted by Plaintiff, this argument was essentially rejected by the United States Supreme Court in *Morris v. Jones*, 329 U.S. 545, 548-49 (1947), and other case law, which noted the distinction between an *in rem* action and an action to adjudicate a federal legal claim. The other case law cited also detracts from any such argument.

*Berthelsen v. Kane*, 907 F.2d 617, 620-21 (6th Cir. 1990).  In resolving Rule 55(c) motions, all factual disputes and ambiguities are to be resolved in favor of the movant.  *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006).  Delay alone does not establish prejudice.  *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).  Rather, a party must show some concrete prejudice such as loss of evidence, loss of discovery or increased danger of fraud or collusion.  *Id.*

### **LEGAL ANALYSIS**

Much of Defendant's legal argument is contradicted by case law.  First, it is a truism of federal practice that a state court cannot enjoin the exercise of federal jurisdiction.  *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21 n.24 (1983); *Gen. Atomic Co. v. Felter,* 434 U.S. 12, 17 (1977); *Donovan v. City of Dallas,* 377 U.S. 408, 413 (1964); *Fragoso v. Lopez*, 991 F.2d 878, 881 (1st Cir. 1993); *Murff v. Pro. Med. Ins. Co.,* 97 F.3d 289, 293 (8th Cir. 1996).  Diversity jurisdiction was properly pled in this suit under 28 U.S.C. § 1332.  This Court has a duty to exercise such jurisdiction conferred by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

While Defendant argues that the case should be dismissed due to the *Burford* abstention doctrine, this argument was rejected in *Quackenbush*, which held that dismissal under *Burford* is improper as to a legal claim for damages.  "Otherwise, we have applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether."  *Id.* at 719-20. (citing cases) (emphasis in original).  While this rule precludes dismissal and remand, it permits the stay of federal actions because of a pending state receivership.  *Id.* at 721.  According to Justice O'Connor:

> We were careful to note in *Thibodaux* that the District Court had only *stayed* the federal suit pending adjudication of the dispute in state court.  Unlike the outright dismissal or remand of a federal suit, we held, an order merely staying the action "does not constitute abnegation of judicial duty.  On the contrary, it is a wise and

3

>productive discharge of it. There is only postponement of decision for its best fruition." *Id.,* at 29, 79 S. Ct., at 1073. We have thus held that in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court. By contrast, while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.

*Id.*; *see also Murff*, 97 F.3d at 293.

Whether this federal suit should be stayed because of the state receivership is a good question in light of the Sixth Circuit's holding in *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551-52 (6th Cir. 2006). There, the Sixth Circuit held that the conservation of the receivership assets by fostering an efficient mechanism for claim determination and asset distribution warranted a stay of all state law suits. While this does not mean that Defendant would automatically be entitled to a stay of this litigation, it does suggest that the possibility of staying this litigation is a live one, which Defendant may pursue. *Cf. Adrian Energy Assocs. v. Mich. Public Serv. Comm'n*, 481 F.3d 414, 424-25 (6th Cir. 2007) (holding that the district court should have stayed proceedings pending the resolution of state court proceedings).

How does this bear on the Rule 55(c) analysis? First, it is obvious that Defendant was at fault in failing to timely answer. The Complaint and Summons were properly served under Federal Rule of Civil Procedure 4(e)(1), (h)(1)(A) and MCR 2.106(D). The pendency of the state receivership did not authorize Defendant to ignore this federal action of which it had notice.

Second, Defendant has meritorious defenses to assert in the federal suit. This includes both a setoff defense (Def.'s Br. in Support of its Resp. 9.) and an equity defense supporting a stay of the federal suit. These defenses are deemed meritorious given the presumptions applicable under Rule

55(c). *See INVST*, 815 F.2d at 399 (stating that a defense is meritorious when "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.").

Third, Plaintiff is not prejudiced by mere delay in obtaining relief. *See id.* at 398. Moreover, the record does not show any concrete injury amounting to prejudice. This is especially true given the ongoing state receivership–which suit will determine the timing of any effort to collect damages from Defendant's property.

Upon consideration of those factors, the Court determines that the factors favor setting aside the default. As the Sixth Circuit held in the *INVST* case, although the delay may be the fault of the counsel, this fault alone does not warrant punishing the represented party by depriving it of its day in court. *Id.* at 400. As such, the default will be set aside and the Renewed Motion for Default Judgment will be denied. The Motion to Dismiss will also be denied in accordance with *Quackenbush*. In denying such Motion, the Court leaves open the possibility of a future stay based on the reasoning of the Sixth Circuit in *Liberte Capital*, 462 F.3d at 552. These equitable interests may support a stay, though this is a matter which must be determined based on future motion and briefing (or stipulation of the parties).

### **CONCLUSION**

An Order shall enter consistent with this Opinion, setting aside the default, denying the Motion to Dismiss and denying the Renewed Motion for Default Judgment.

DATED in Kalamazoo, MI:　　　　 /s/ Richard Alan Enslen　　
　　June 26, 2008　　　　　　　　RICHARD ALAN ENSLEN
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE